# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TERRY A. GERBS,**

              **Plaintiff,**

**-vs-**                                                              **Case No. 6:09-cv-1344-Orl-18DAB**

**BUILDING DROPS USA HOLDINGS,
LLC, BEE R. WESTPHAL,**

              **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ATTORNEY FEES (Doc. No. 20)**
>
> **FILED:**       **January 19, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

      This is a motion seeking to tax $25,811.20 in attorney's fees and costs for prosecution of a Fair Labor Standards Act complaint that was settled in less than four months, without any hearings, trial or motion practice. For the reasons set forth below, the Court finds that the motion should be **granted,** to the extent it asserts entitlement to a reasonable fee, and **denied**, to the extent the fee sought is not reasonable. It is **respectfully recommended** that the Court award attorney's fees in

the amount of $2,850.00 ($190 an hour times 15 hours), with costs to be taxed by the Clerk in the usual course, and close the file.

## *BACKGROUND*

On August 6, 2009, Plaintiff filed a one count Complaint alleging that she was owed $1,831.15 for overtime work performed for Defendant Building Drops, and an additional $1,831.15 in liquidated damages (Doc. No. 1). Defendants filed an Answer on September 8, 2009 (Doc. No. 9). On November 10, 2009, Defendant Building Drops served its Offer of Judgment on Plaintiff offering to pay $3,662.30, the total amount claimed as unpaid wages and liquidated damages in the complaint, plus attorney's fees and costs to be decided by the Court (Doc. No. 14-1). Plaintiff accepted Defendant's Offer of Judgment on November 19, 2009, but contended that the case should continue against individual Defendant, Bee Westphal "as the individual Defendant did not file an offer of judgment and a controversy continues to exist between the parties" (Doc. No. 14). Defendant Building Drops paid Plaintiff and moved to dismiss the case as moot and lacking any case or controversy (Doc. No. 15). The next day, the parties filed a Notice of Settlement, which specifically noted that on or about November 24, 2009, "Defendants [note the plural] tendered Plaintiff all the overtime she claimed was due to her . . . and an equal amount in liquidated damages" and advised the Court that the parties were attempting to reach a private settlement as to the amount of fees and costs (Doc. No. 16). The motion to dismiss the complaint as moot was withdrawn (Doc. No. 17).

The District Court ordered the parties to file their supporting documents regarding the nature of the claims, the terms of settlement, and pertinent information regarding any allowance for fees (Doc. No. 18), and the instant motion with supporting Affidavit (Doc. No. 23) was filed. Defendant opposes the motion (Doc. No. 22). The matter is briefed and ready for resolution.

### *STANDARDS OF LAW*

Normally, when parties settle an FLSA claim in this circuit, a Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

As Plaintiff has accepted an Offer of Judgment in full satisfaction of all unpaid amounts she claimed were due (with the exception of attorney's fees and costs), the parties' settlement does not require Court approval as Plaintiff has not compromised her claim. Full compensation is *per se* fair.

Rather, the only issue left for the Court to determine is the appropriate amount of attorney's fees and the taxation of court costs.

Under 29 U.S.C. § 216(b), "[t]he court in [an action to recover for a violation of FLSA] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Additional factors to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d at 1292 (*citing Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Id.* at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and

judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

## *ANALYSIS*

Counsel for Plaintiff contends that the lodestar in this case is $16,087.50 (58.5 hours at a rate of $275 per hour) and urges that he receive an upward adjustment multiplier of 1.5, for a total of $24,131.25 in attorney's fees. The Court finds this contention to be without merit.

From a review of the docket, the Court finds the total amount claimed to be at odds with the amount of legal work appropriate for handling this case. The case was settled, in full, less than four months after filing. There was no motion practice, and no hearings, depositions or mediation. Counsel fails to cite a single case in this district where a fee in excess of $10,000 was awarded in similar circumstances. *See Maria Natera v. Mastercorp of Tennessee, Inc.,* Case No. 6:08-cv-2088-ACC-DAB, 2009 WL 2765878 (M.D. Fla. Aug. 27, 2009) (awarding $3,000 in attorney's fees in FLSA case where the case was filed, removed to federal court, Plaintiff's counsel filed three motions for extension of time and the matter was settled within three months of removal, with no other motion or discovery practice). The Court finds the claimed amount of hours and the claimed hourly rate to be excessive and unsupportable.

*Reasonable Rate*

Although Plaintiff's counsel claims a fee of $275 per hour and contends that his client believes "$400 per hour to be appropriate" (Doc. No. 20 at 5), he does not cite any case where he was

awarded such a rate in this district for routine prosecution of an FLSA case. Applying the *Johnson* factors, there is nothing novel or particularly compelling about this case to justify a $275 fee. Rather, the Court takes notice of the numerous cases cited in Defendants' response which indicate that other attorneys at counsel's firm with similar experience have been awarded between $150 and $250 an hour, for FLSA work in this district (Doc. No. 22 at 3-4). The Court sees nothing in Mr. Mazaheri's work that warrants a rate so much higher than that being awarded on a regular basis to his co-workers. The Court **recommends** a rate of $190 for Mr. Mazaheri. *See Berrios v. Countrywide Home Loans,* Case No. 6:09-cv-789, 2009 WL 4893203 (M.D. Fla. Dec. 15, 2009) (finding $190 to be a reasonable rate for Attorney Leach, a member of the same firm with one more year of experience).

*Reasonable Hours*

In addition to the bloated hourly rate, the Court finds the amount of hours set forth in the itemization provided (Doc. No. 20-3) to be excessive. A review of the time sheets reveals that counsel has failed to exercise billing judgment, not only in the amount of time claimed but also in his unprofessional descriptions of the tasks he allegedly performed.[1] With respect to the amount of hours, counsel bills over 13 hours for pre-Complaint investigation, described as reviewing the file, several hours of "thinking and pondering" about drafting a complaint, conferring with the client and sending a demand letter. Considering that counsel claims expertise in this area, this is an inordinate amount of time to investigate and prepare a one plaintiff, one count FLSA action.[2]

---

[1] Counsel includes entries that claim that opposing counsel is "playing games," is "difficult to deal with" and "blatantly violated the rules" among other barbs, and asserts that Defendant "lied to DOL" and "steals taxes from the government." (Doc. No. 20-3). These entries are completely unnecessary in the context of a billing itemization, and ethically repugnant.

[2] Similarly, counsel seeks compensation for over eight hours of time incurred after the case was fully settled and Plaintiff was paid.

Moreover, counsel bills several hours (in 0.10 increments) for a plethora of vaguely described "emails," some of which are incomplete entries, entries that are clerical in nature (messages to staff), or otherwise non-taxable. *See, e.g.* July 14, 2009 entry: "Email received from receptionist regarding client;" October 18, 2009 entry: "Email left for"; November 11, 2009 entry: "Email left for in regards to the case; thinking and pondering;" and November 14, 2009 entry: "Email left for while working on file over the weekend." While a certain amount of client communication is appropriate and compensable, as is communication with opposing counsel in settlement negotiations, it appears that counsel spent more time posturing in his time sheet descriptions than he did prosecuting the case. *See, e.g.,* September 17, 2009 entry ("Email left for o/c in regards to scheduling 26(f) conference and CMR: O/C has been delaying the submission of the report and meeting; O/C has not offered any valid defense, yet refuses to concede unrefutable allegations.")

In addition to the above, the time sheets contain what appear to be duplicate entries. For example, on September 15, 2009, counsel bills .60 hours for "email left for and received; three total; initial disclosures and file review." A separate entry on the same day bills another .50 hours for "Review file for initial 26(f) disclosures in order to comply with fed rules and local obligations." Interestingly, there is yet a third entry for that day, which also references "review file." To the extent the time sheets purport to reflect the time spent by one time-keeper, Mr. Mazaheri, the inclusion of three separate entries for file review on the same day is duplicitous.

As set forth above, the Court finds at least half of the entries contain either clerical, excessive, insufficiently described or otherwise non-compensable time. The practice of "block billing" makes it impossible for the Court to parse through exactly how much time was improperly claimed.

Upon review of all of the above, the Court finds the claimed amount of time to be excessive for what appears to be a routine FLSA case, with no motion practice, that settled promptly after filing. The Court has addressed dozens, if not hundreds, of similar FLSA cases filed in this district within the last several years. Based on its experience, and absent sufficient evidence[3] to the contrary, a reasonable amount of time for handling such a matter is no more than 15 hours. An upward adjustment to the lodestar is neither available nor appropriate. *See McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183, 1186* (11th Cir.1993 ) (*citing City of Burlington v. Dague*, 505 U.S. 557, 565- 67, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) (holding that "enhancement for contingency is not permitted under the [federal] fee-shifting statutes")); *Glassmire v. Windor South, Inc*., 2007 WL 3232235, 4 (M.D. Fla. 2007) ('Since Plaintiff's fee award is made pursuant to the FLSA's fee shifting provision, see 29 U.S.C. § 216, a contingency fee multiplier is not warranted here.")

The Court therefore **respectfully recommends** that the motion be **granted, in part and denied, in part;** that the Court award an attorney's fee of $2,850.00, with costs to be taxed by the Clerk in the usual course, and that the Clerk be directed to close the file.

---

[3]The Court notes that attorney Travis Hollifield, in supporting Affidavit, states that the total sum of $16,087.50 in lodestar fees is "entirely reasonable" in his opinion (Doc. No. 23). As support for his expertise in this area, Mr. Hollifield lists several reported cases which he has litigated as lead counsel in this district, including three FLSA cases in 2009 (Doc. No. 23 at 2). While the Court appreciates his opinion, Mr. Hollifield is reminded that in *none* of those FLSA cases did he receive a fee of $16,000 or more, let alone for a case that settled within four months of filing. *See Flynn v. Interplan LLC,* 2009W L 4893146 (M.D. Fla., Dec. 11, 2009) (fee of $4,000 approved); *Rodriguez v. Urology Center of Fla., LLC,* 2009 WL 2753186 (M.D. Fla. August 28, 2009) ($1,750 fee), and *Loos v. Club Paris, LLC,* 2009 WL 3294817 (M.D. Fla. Oct. 13, 2009) (FLSA case litigated for almost two years – total fee awarded for three attorneys and three paralegals was $15,606.00).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 15, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy